# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2021

Lyle W. Cayce
Clerk

No. 20-60088
Summary Calendar

Iris Dinora Alvarez-Sabillon; Julio Cesar Perdoma-Alvarez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 261 233
BIA No. A206 261 234

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Iris Dinora Alvarez-Sabillon and her derivative beneficiary, Julio Cesar Perdomo-Alvarez, are natives and citizens of Honduras. They petition for review of the decision of the Board of Immigration Appeals (BIA)

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

dismissing their appeal of an Immigration Judge's (IJ) denial of their application for asylum and withholding of removal. The petitioners argue that substantial evidence exists that, if removed, they will suffer persecution on account of Alvarez-Sabillon's membership in the particular social group (PSG) of "Honduran women who cannot leave their domestic partners."

This court reviews the final decision of the BIA and will only consider the IJ's decision where it influenced the decision of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Factual findings are reviewed under the substantial evidence standard and legal questions de novo, giving deference to the BIA's interpretation of any ambiguous immigration statutes. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012). Whether an applicant is eligible for asylum or withholding of removal is reviewed for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

To be eligible for asylum, the petitioners must show they are unable or unwilling to return to their country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1158(b)(1). A cognizable PSG must: (1) consist of persons who share a common immutable characteristic; (2) be defined with particularity; and (3) be socially visible or distinct within the society in question. *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014). Further, "the social group must exist independently of the fact of persecution." *Id*. at 236 n.11.

Substantial evidence supports the BIA's finding that the petitioners are ineligible for asylum because Alvarez-Sabillon's proposed PSG does not meet these requirements. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 229-34 (5th Cir. 2019); *Orellana-Monson*, 685 F.3d at 517-18; *Chen*, 470 F.3d at 1134. Because petitioners have failed to demonstrate their entitlement to asylum,

No. 20-60088

they have also failed to demonstrate their entitlement to withholding of removal. *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

The petition for review is DENIED.